IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-03053-MEH

**THREE POINTS CENTER, LLC;**
**THREE POINTS CENTER NORTH CAROLINA, LLC;**
**THREE POINTS PROPERTIES, LLC;**
**THREE POINTS PROPERTIES NORTH CAROLINA, LLC;** and
**THREE POINTS ACADEMY, INC.,**

Plaintiffs,

v.

**THE ESTATE OF GLENN MICHAEL THIBAULT;**
**THE GLENN M. THIBAULT TRUST DATED MAY 20, 2011**,
**OR ANY SUBSEQUENT TRUST THAT MAY BE ESTABLISHED**
**BY GLENN M. THIBAULT'S PERSONAL REPRESENTATIVE ON HIS BEHALF**;
**NICOLE M. THIBAULT AS PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF GLENN MICHAEL THIBAULT;**
**TRUSTEE OF THE GLENN M. THIBAULT TRUST DATED MAY 20, 2011; AND IN**
**HER INDIVIDUAL CAPACITY**;
**G & N CONSULTING, LLC;** and
**AMERICAN GENERAL LIFE INSURANCE COMPANY**,

Defendants.

### AMERICAN GENERAL LIFE INSURANCE COMPANY'S
### <u>ORIGINAL ANSWER</u>

Defendant American General Life Insurance Company by and through its undersigned

counsel, answers Plaintiffs' Complaint and Jury Demand as follows:

1

## I. JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 consist of legal conclusions that require no response. To the extent a response is required, American General does not contest that the Court has jurisdiction.

2. The allegations contained in Paragraph 2 consist of legal conclusions that require no response. To the extent a response is required, American General does not contest that the Court has jurisdiction but denies that Plaintiffs are entitled to any relief.

3. American General admits only that G. Thibault applied for a life insurance policy while living in the state in the state of Colorado as evidenced in the Application for Life Insurance attached herein as Exhibit 1. American General does not contest that venue is proper.

4. The allegations contained in Paragraph 4 consist of legal conclusions that require no response.

## II. THE PARTIES

5. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 . To the extent a response is required, denied.

6. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 . To the extent a response is required, denied.

7. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 . To the extent a response is required, denied.

8. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 . To the extent a response is required, denied.

9. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 . To the extent a response is required, denied.

10. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 . To the extent a response is required, denied.

11. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 . To the extent a response is required, denied.

12. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 . To the extent a response is required, denied.

13. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 . To the extent a response is required, denied.

14. American General admits that its principal place of business is in Texas and that its state of incorporation is not Colorado. American General denies the remaining allegations.

### III.   GENERAL ALLEGATIONS

15. American General admits only that G. Thibault indicated on his Application for Life Insurance that he was the Owner of Three Points Center at the time of his Application on January 21, 2020. *See* Exhibit 1. Otherwise, American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 15 . To the extent a response is required, denied.

16. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 . To the extent a response is required, denied.

17. American General admits only that G. Thibault listed his income for the "current fiscal year" in 2020 and the previous fiscal year, 2019, as $150,000 in the Financial Questionnaire

attached to his Application for Life Insurance. *See* Exhibit 1. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17 . To the extent a response is required, denied.

18.  American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 . To the extent a response is required, denied.

19.  American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 . To the extent a response is required, denied.

20.  American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 . To the extent a response is required, denied.

21.  American General admits only that G. Thibault stated that N. Thibault's relationship to him was "wife" in the "Beneficiary" section of the Application for Life Insurance. *See* Exhibit 1. Otherwise, American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21 . To the extent a response is required, denied.

22.  American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 . To the extent a response is required, denied.

23.  American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 . To the extent a response is required, denied.

24.  American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 . To the extent a response is required, denied.

25.  American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 . To the dextent a response is required, denied.

26. American General admits only that it received a Proof of Death Claimants Statement Form, attached herein as Exhibit 3, in which N. Thibault stated that G. Thibault died on November 27, 2021. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26 . To the extent a response is required, denied.

27. American General admits only that it received an Application for Life Insurance completed by G. Thibault, and after underwriting the Application, issued Policy Nos. 4209616477 and 4209594620 insuring the life of G. Thibault; the Policies, attached herein as Exhibit 2, had death benefits totaling $5,000,000 to be paid to each Policy's sole beneficiary, N. Thibault. *See* Exhibits 1-2. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27 . To the extent a response is required, denied.

28. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 . To the extent a response is required, denied.

29. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29 . To the extent a response is required, denied.

30. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 . To the extent a response is required, denied.

## IV.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Civil Racketeering Influenced and Corrupt Organizations Act ("RICO") – N. Thibault  (Individually, and as Trustee of the Trust and Personal Representative of the Estate) and G&N**

31. American General repeats and reiterates the responses contained in Paragraphs 1 through 30 herein.

32. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 32 . To the extent a response is required, denied.

33. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 33 . To the extent a response is required, denied.

34. The allegations contained in Paragraph 34 consist of legal conclusions that require no response. To the extent a response is required, denied.

35. The allegations contained in Paragraph 35 consist of legal conclusions that require no response. To the extent a response is required, denied.

## SECOND CLAIM FOR RELIEF

**Conversion – N. Thibault (Individually, and as Trustee of the Trust, and as Personal Representative of the Estate); the Trust; the Estate; G&N**

36. American General repeats and reiterates the responses contained in Paragraphs 1 through 35 herein.

37. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37 . To the extent a response is required, denied.

38. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38 . To the extent a response is required, denied.

39. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 . To the extent a response is required, denied.

40. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40 . To the extent a response is required, denied.

41. American General admits only that it received payments for the Policies premiums, in accordance with the Policies' terms from an account in the name of G. Thibault, that N. Thibault

was the sole beneficiary of each Policy, and that American General paid the death benefits totaling $5,000,000 to be paid to each Policy's sole beneficiary, N. Thibault. *See* Exhibits 1-5. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 41. To the extent a response is required, denied.

42. The allegations contained in Paragraph 42 consist of legal conclusions that require no response. To the extent a response is required, denied.

43. American General admits only that it paid the death benefits of the Policies to the Policies' sole beneficiary—N. Thibault. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 43. To the extent a response is required, denied.

44. American General admits only that it paid the death benefits of the Policies to the Policies' sole beneficiary—N. Thibault. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 43. To the extent a response is required, denied.

45. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 45. To the extent a response is required, denied.

46. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46. To the extent a response is required, denied.

47. The allegations contained in Paragraph 47 consist of legal conclusions that require no response. To the extent a response is required, denied.

48. The allegations contained in Paragraph 48 consist of legal conclusions that require no response. To the extent a response is required, denied.

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment – All Defendants

49. American General repeats and reiterates the responses contained in Paragraphs 1 through 48 herein.

50. The allegations contained in Paragraph 50 consist of legal conclusions that require no response. To the extent a response is required, denied.

51. The allegations contained in Paragraph 51 consist of legal conclusions that require no response. To the extent a response is required, denied.

52. The allegations contained in Paragraph 52 consist of legal conclusions that require no response. To the extent a response is required, denied.

53. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 53. To the extent a response is required, denied.

54. The allegations contained in Paragraph 54 consist of legal conclusions that require no response. To the extent a response is required, denied.

55. Denied.

56. The allegations contained in Paragraph 56 consist of legal conclusions that require no response. Further, American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 56. To the extent a response is required, denied.

57. The allegations contained in Paragraph 57 consist of legal conclusions that require no response. To the extent a response is required, denied.

58. The allegations contained in Paragraph 58 consist of legal conclusions that require no response. To the extent a response is required, denied.

59. The allegations contained in Paragraph 59 consist of legal conclusions that require no response. To the extent a response is required, denied.

60. The allegations contained in Paragraph 60 consist of legal conclusions that require no response. To the extent a response is required, denied.

61. The allegations contained in Paragraph 61 consist of legal conclusions that require no response. To the extent a response is required, denied.

62. The allegations contained in Paragraph 62 consist of legal conclusions that require no response. To the extent a response is required, denied.

## FOURTH CLAIM FOR RELIEF

**Breach of Contract (Third-Party Beneficiary) – N. Thibault (Individually, and as Trustee of the Trust and Personal Representative of the Estate); the Estate**

63. American General repeats and reiterates the responses contained in Paragraphs 1 through 62 herein.

64. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 64. To the extent a response is required, denied.

65. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 65. To the extent a response is required, denied.

66. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 66. To the extent a response is required, denied.

67. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 67. To the extent a response is required, denied.

68. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 68. To the extent a response is required, denied.

69. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 69. To the extent a response is required, denied.

70. The allegations contained in Paragraph 70 consist of legal conclusions that require no response. To the extent a response is required, denied.

71. The allegations contained in Paragraph 71 consist of legal conclusions that require no response. To the extent a response is required, denied.

72. The allegations contained in Paragraph 72 consist of legal conclusions that require no response. To the extent a response is required, denied.

73. The allegations contained in Paragraph 73 consist of legal conclusions that require no response. To the extent a response is required, denied.

74. The allegations contained in Paragraph 74 consist of legal conclusions that require no response. To the extent a response is required, denied.

75. The allegations contained in Paragraph 75 consist of legal conclusions that require no response. To the extent a response is required, denied.

76. The allegations contained in Paragraph 76 consist of legal conclusions that require no response. To the extent a response is required, denied.

**FIFTH CLAIM FOR RELIEF**

**Breach of Fiduciary Duties – N. Thibault (as Trustee of the Trust, and as Personal Representative of the Estate); the Estate.**

77. American General repeats and reiterates the responses contained in Paragraphs 1 through 76 herein.

78. The allegations contained in Paragraph 78 consist of legal conclusions that require no response. To the extent a response is required, denied.

79. The allegations contained in Paragraph 79 consist of legal conclusions that require no response. To the extent a response is required, denied.

80. The allegations contained in Paragraph 80 consist of legal conclusions that require no response. To the extent a response is required, denied.

81. The allegations contained in Paragraph 81 consist of legal conclusions that require no response. To the extent a response is required, denied.

82. The allegations contained in Paragraph 82 consist of legal conclusions that require no response. To the extent a response is required, denied.

83. The allegations contained in Paragraph 83 consist of legal conclusions that require no response. To the extent a response is required, denied.

## SIXTH CLAIM FOR RELIEF

**Civil Theft (Colo. Rev. Stat. § 18-4-405) N. Thibault (Individually, and as Personal Representative of the Trust and the Estate); the Estate**

84. American General repeats and reiterates the responses contained in Paragraphs 1 through 83 herein.

85. American General admits only that it received payments for the Policies premiums, in accordance with the Policies' terms from an account in the name of G. Thibault, that N. Thibault was the sole beneficiary of each Policy, and that American General paid the death benefits totaling $5,000,000 to be paid to each Policy's sole beneficiary, N. Thibault. *See* Exhibits 1-5. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 85. To the extent a response is required, denied.

86. The allegations contained in Paragraph 86 consist of legal conclusions that require no response. To the extent a response is required, denied.

87. American General admits only that it received payments for the Policies premiums, in accordance with the Policies' terms from an account in the name of G. Thibault, that N. Thibault was the sole beneficiary of each Policy, and that American General paid the death benefits totaling $5,000,000 to be paid to each Policy's sole beneficiary, N. Thibault. *See* Exhibits 1-5. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 87. To the extent a response is required, denied.

88. The allegations contained in Paragraph 88 consist of legal conclusions that require no response. To the extent a response is required, denied.

89. The allegations contained in Paragraph 89 consist of legal conclusions that require no response. To the extent a response is required, denied.

90. The allegations contained in Paragraph 90 consist of legal conclusions that require no response. To the extent a response is required, denied.

## SEVENTH CLAIM FOR RELIEF

**Conspiracy to Commit Civil Theft – N. Thibault (Individually, and as Personal Representative of the Trust and the Estate)**

91. American General repeats and reiterates the responses contained in Paragraphs 1 through 90 herein.

92. The allegations contained in Paragraph 92 consist of legal conclusions that require no response. To the extent a response is required, denied.

93. The allegations contained in Paragraph 93 consist of legal conclusions that require no response. To the extent a response is required, denied.

94. The allegations contained in Paragraph 94 consist of legal conclusions that require no response. To the extent a response is required, denied.

95. The allegations contained in Paragraph 95 consist of legal conclusions that require no response. To the extent a response is required, denied.

96. The allegations contained in Paragraph 96 consist of legal conclusions that require no response. To the extent a response is required, denied.

97. The allegations contained in Paragraph 97 consist of legal conclusions that require no response. To the extent a response is required, denied.

98. The allegations contained in Paragraph 98 consist of legal conclusions that require no response. To the extent a response is required, denied.

## EIGHTH CLAIM FOR RELIEF

**Fraud - N. Thibault (As Trustee of the Trust and Personal Representative of the Estate)**

99. American General repeats and reiterates the responses contained in Paragraphs 1 through 98 herein.

100. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 100. To the extent a response is required, denied.

101. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 101. To the extent a response is required, denied.

102. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 102. To the extent a response is required, denied.

103. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 103. To the extent a response is required, denied.

104. American General is without sufficient knowledge or information to admit or deny the allegations in Paragraph 104. To the extent a response is required, denied.

105. The allegations contained in Paragraph 105 consist of legal conclusions that require no response. To the extent a response is required, denied.

106. The allegations contained in Paragraph 106 consist of legal conclusions that require no response. To the extent a response is required, denied.

107. The allegations contained in Paragraph 107 consist of legal conclusions that require no response. To the extent a response is required, denied.

108. The allegations contained in Paragraph 108 consist of legal conclusions that require no response. To the extent a response is required, denied.

## NINTH CLAIM FOR RELIEF

**Declaratory Judgment (Colo. Rev. Stat. §§ 13-51-106 and §§ 13-51-108(1); Fed. R. Civ. P. 57; 28 U.S.C. §§ 2201 and 2202) – AIG and N. Thibault (Individually)**

109. American General repeats and reiterates the responses contained in Paragraphs 1 through 98 herein.

110. American General admits only that it received an Application for Life Insurance completed by G. Thibault, and after underwriting the Application, issued Policy Nos. 4209616477 and 4209594620 insuring the life of G. Thibault; the Policies, attached herein as Exhibit 2, had death benefits totaling $5,000,000 to be paid to each Policy's sole beneficiary, N. Thibault. *See* Exhibits 1-5. American General is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 110 . To the extent a response is required, denied.

111. Admit.

112. The allegations contained in Paragraph 112 are denied.

113. The allegations contained in Paragraph 113 consist of a request for relief that requires no response. To the extent a response is required, denied.

## V.    PRAYER FOR RELIEF

The allegations in this section beginning with the paragraph that starts with "WHEREFORE' and its subsequent paragraphs consist of requests for relief that require no response. To the extent a response is required, American General denies that Plaintiffs are entitled to the relief requested or to any relief against American General.

### AFFIRMATIVE DEFENSES

1. The allegations in the Complaint fail to state facts sufficient to constitute a cause of action against American General.

2. The causes of action alleged by Plaintiffs against American General are moot.

3. Plaintiffs' recovery is barred by the doctrine of laches.

4. Plaintiffs' recovery is barred by the doctrine of estoppel based on Plaintiffs' prior conduct in connection with the matters alleged in the Complaint.

### PRAYER FOR RELIEF

American General prays that this Court dismiss Plaintiffs' causes of action against American General with prejudice, that Plaintiffs recover nothing from American General, award American General attorney's fees, and awards American General all other relief in law or in equity to which it is entitled.

Dated: February 14, 2023

Respectfully submitted,

McDowell Hetherington LLP

By: /s/ David T. McDowell
    David T. McDowell*
    State Bar No. 00791222

First City Tower
1001 Fannin, Suite 2400
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:   713-337-8850
Email:   David.McDowell@mhllp.com
***Admitted and in Good Standing to practice in the District of Colorado***

**ATTORNEY FOR AMERICAN GENERAL LIFE INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record on Tuesday, February 14, 2023 in accordance with the Federal Rules of Civil Procedure.

/s/ David T. McDowell
David T. McDowell
