## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-03053-GPG-MEH

**THREE POINTS CENTER, LLC**;
**THREE POINTS CENTER NORTH CAROLINA, LLC**;
**THREE POINTS PROPERTIES, LLC**;
**THREE POINTS PROPERTIES NORTH CAROLINA, LLC**; and
**THREE POINTS ACADEMY, INC.**,

      Plaintiffs,

v.

**MARCIE R. McMINIMEE, IN HER CAPACITY AS
SPECIAL ADMINISTRATOR OF THE ESTATE OF GLENN MICHAEL THIBAULT,
A.K.A. GLENN M. THIBAULT, A.K.A. GLENN THIBAULT, DECEASED;**

**THE GLENN M. THIBAULT TRUST DATED MAY 20, 2011,
OR ANY SUBSEQUENT TRUST THAT MAY BE ESTABLISHED
BY GLENN M. THIBAULT'S PERSONAL REPRESENTATIVE ON HIS BEHALF;**

**NICOLE M. THIBAULT AS TRUSTEE OF THE GLENN M. THIBAULT TRUST DATED
MAY 20, 2011; AND IN HER INDIVIDUAL CAPACITY; AND**

**G & N CONSULTING, LLC,**

      Defendants.

---

### SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference in this matter is set for May 23, 2023 at 10:00 a.m., and will take place in-person.  Pursuant to Magistrate Hegarty's March 8, 2023 Minute Order [Dkt. 38], the Parties shall file and submit their proposed Scheduling Order on or before May 16, 2023.

1

The Parties conducted their FED. R. CIV. P. 26(f) conference to discuss the proposed Scheduling Order and other matters required under Rule 26(f) on May 9, 2023.  The Parties are represented by counsel, as follows:

**Plaintiffs:**
Stacey A. Campbell
Robert M. Thomas
Campbell Litigation, P.C.
1410 N. High Street
Denver, Colorado 80218
Tel: (303) 536-1833

**Defendant Marcie R. McMinimee, in her capacity as Special Administrator (the "Special Administrator") of the Estate of Glenn Michael Thibault (the "Estate"):**

Christopher P. Montville
Haddon Morgan Foreman
950 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Tel: (303) 831-7364

**Defendants The Glenn M. Thibault Trust Dated May 20, 2011 (the "Trust"), and Nicole M. Thibault as Trustee of the Trust:**

Zachary D. Schlichting
Jonathan F. Haskell
Wade Ash LLC
5251 DTC Parkway, Suite 825
Greenwood Village, Colorado 80111
Tel: (303) 329-2235

**Defendants Nicole M. Thibault, in her individual capacity, and G&N Consulting, LLC ("G&N"):**

Scott D. McLeod
Joseph A. O'Keefe
McLeod│Brunger PLLC
10375 Park Meadows Drive, Ste. 260
Lone Tree, CO 80124
Tel: (720) 443-6600

2

## 2.  STATEMENT OF JURISDICTION

**Plaintiffs:**

Plaintiffs contend that the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §§ 1961-1968 (Racketeer Influenced and Corrupt Organizations Act ("RICO")).  Pursuant to 28 U.S.C. § 1367, the Court also has supplemental jurisdiction over the Plaintiffs' claims alleged under state law because the alleged violations of federal law are substantial and the pendant, state law causes of action derive from a common nucleus of operative fact.

**Defendant Marcie McMinimee:**

Ms. McMinimee contends that the probate exception to federal jurisdiction required that the claims against her be filed exclusively in Douglas County, Colorado, Probate Court. Her position is set forth in detail in her Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1), *Doc 45*.

**Other Defendants:**

Nicole M. Thibault and G&N have filed a motion to dismiss (Doc. No. 36, 42) arguing that this Court does not have subject matter jurisdiction over the claims at issue in this case. The Plaintiffs argue that this Court's jurisdiction is based on 28 U.S.C. § 1331 because the Defendants allegedly violated RICO. However, the Plaintiffs failed to plead a factual basis supporting their RICO claim, as required by the *Iqbal/Twombly* standard. The remaining claims are state law claims that do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1980). Because no other federal

question is at issue, and the parties are not diverse, this Court does not have subject matter jurisdiction over this case. Further, without subject matter jurisdiction, this Court may not exercise supplemental jurisdiction over the remaining state law claims. There is also an arbitration provision at issue which divests the Court of jurisdiction relating to claims relating to the operation of the business.  Ms. Thibault also joins in the motions to dismiss with respect to the application of the probate exception described in the motions to dismiss.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiffs:

Plaintiffs Three Points Center, LLC ("TPC"), Three Points Center North Carolina, LLC ("TPCNC"), Three Points Properties, LLC ("TPP"), Three Points Properties North Carolina, LLC ("TPPNC"), and Three Points Academy, Inc. ("TPA") are a group of affiliated entities which provide residential treatment, educational services, and mental health services and treatment to youths, with a particular emphasis on adopted teenagers.

Prior to his death on November 27, 2021, Glenn Thibault ("G. Thibault") was Chief Financial Officer of the Plaintiffs, who exercised significant control over Plaintiffs' financial affairs and, accordingly, was afforded a great deal of trust by the Plaintiffs (including by Dr. Norm Thibault – TPC's co-founder and G. Thibault's brother).

However, G. Thibault, along with his wife and co-Defendant Nicole Thibault ("N. Thibault") and their jointly-owned company (G&N), systematically abused that trust over

a period of years by establishing, maintaining, operating, and participating in an enterprise designed to steal money from the Plaintiffs over time and under various guises and pretenses.  As further alleged in Plaintiffs' Amended Complaint, G. Thibault falsely and fraudulently transferred millions of dollars of Plaintiffs' money to himself, N. Thibault, and G&N, and characterized those transfers as payments for "consulting" work performed by G&N and N. Thibault which never took place and which was never authorized by any of the Plaintiffs at any time.

Similarly, in order to further expand its operations, and with the goal of helping more individuals in need, the Plaintiffs took out certain loans from Independent Bank between 2018 and 2021, and both G. Thibault and N. Thibault personally guaranteed repayment of those loans.  G. Thibault subsequently represented to Plaintiffs that, per Independent Bank's instructions, Plaintiffs (as the loan debtors) needed to pay both G. Thibault and N. Thibault a 3% fee on the loans in order to prevent damage to their credit as personal guarantors of the loans.

But, Independent Bank never made such representations, and the "loan fees" were otherwise completely fabricated by G. Thibault.  Similarly, there was no agreement between the Plaintiffs and G. Thibault or N. Thibault to compensate G. Thibault and N. Thibault via a 3% fee on the loan amounts as consideration for their personal guarantees of the loans.

Also unbeknownst to Plaintiffs until after his death, G. Thibault purchased a $5 million insurance policy on his own life from AIG with TPC's funds and named N. Thibault

as the beneficiary.  TPC never authorized this purchase, and G. Thibault otherwise never disclosed the Policy to TPC or any other Plaintiff.  After his death, N. Thibault submitted a claim for benefits to AIG, and AIG paid the benefits in full to Ms. Thibault.  Ms. Thibault has not returned or offered to return the benefits to TPC, or even reimburse TPC for her husband's unauthorized purchase of the policy with TPC's money.

All told, between 2015 and 2022, the criminal enterprise effectuated by G. Thibault, N. Thibault, and G&N resulted in Plaintiffs' loss of *millions* of dollars in company revenues—revenues which could have been spent in furtherance of Plaintiffs' important mission to help teens in need.  These funds were stolen via *hundreds* of mail and wire transactions to G. Thibault, N. Thibault, and G&N—again as part of the enterprise established and promulgated by G. Thibault, N. Thibault, and G&N.  These funds are and continue to be in the possession of the Estate, the Trust, N. Thibault, and G&N.

In addition, Independent Bank has made a demand for full repayment of its loans due to the loans' default resulting from G. Thibault's death but, notwithstanding that she personally guaranteed these loans, N. Thibault has refused to repay the loans, thereby breaching her loan guarantee agreements and placing Plaintiffs—as third-party beneficiaries to the guarantees—under imminent threat of foreclosure.

Based on the above conduct, and as further set forth in the Amended Complaint, Plaintiffs have asserted the following claims: 1) violations of RICO; 2) conversion; 3) unjust enrichment; 4) breach of contract; 5) breach of fiduciary duty; 6) civil theft under COLO. REV. STAT § 18-4-405; 7) conspiracy to commit civil theft; 8) fraud; and 9)

6

declaratory relief as to the ownership of benefits paid pursuant to the AIG life insurance policy purchased by G. Thibault.

### b. Defendant Marcie McMinimee:

As Special Administrator of the Thibault Estate, Ms. McMinimee does not have first-hand knowledge regarding the underlying events. She is engaged in an ongoing investigation, including collection and review of relevant financial material and communications. Based on the early stages on her investigation, Ms. McMinimee denies Plaintiff's allegations in their entirety and will provide a fulsome response if or when she is required to file an Answer.

### c. Other Defendants:

Reserving all rights with respect to the pending motions to dismiss, Defendants deny the Plaintiffs' claims. Prior to his death, Glenn Thibault was the founder and Chief Financial Officer of the Three Points Center family of companies, provide residential treatment to adopted teens and their families in Utah and in North Carolina. Separately, Glenn Thibault and his wife, Nicole Thibault, together founded G&N Consulting for the purpose of providing consulting services long before Three Points Center existed. The Defendants have several responses to the Plaintiffs' claims.

First, once the Court resolves the pending motions to dismiss, Nicole Thibault will pursue her counterclaims and third-party claims for breach of employment contract, breach of the operating agreement, and breach of fiduciary duty claims against the surviving officers of Three Points Center.  Ms. Thibault's derivative claims have been

7

previously asserted to the company in writing, who has denied them.  Thus, Ms. Thibault anticipates that will pursue derivative claims in this action.   Further, due to the gross mismanagement of the business following the death of Ms. Thibault, a receiver is appropriate to marshal and gather the assets of the business to protect them for the benefit of creditors and the members.   Significantly, Ms. Thibault is the largest single member by far and has been effectively shut out of the business she and the estate effectively own at the direction of the company's officers and minority owner/investors attempting to squeeze Ms. Thibault and her husband's estate out of.   Ms. Thibault also anticipates asserting claims for violation of Colorado state securities laws and the Colorado Organized Crime Control Act.    Given the important jurisdictional questions which this Court must resolve, Ms. Thibault's claims are reserved until the Court rules on the pending motions to dismiss which cut to the heart of this Court's jurisdiction.  However, given the urgency of the issues relating to mismanagement of the company's assets, Ms. Thibault may seek the appointment of a receiver in the estate matter pending in Douglas County District Court.

Second, both parties in this case, TPC and Nicole Thibault, signed an operating agreement that included a broad arbitration clause. The arbitration clause is intended to govern any controversies related to the agreement, and this dispute falls squarely within its scope. Coupled with the federal courts' strong preference for arbitration, this case should be heard in arbitration rather than in litigation.

Third, the Plaintiffs have not pleaded a violation of federal law under RICO, which is their sole basis for contending that this Court has subject matter jurisdiction of this case. The Defendants pointed out in the Motion to Dismiss [ECF No. 36] and the Reply In Support Of The Motion to Dismiss [ECF No. 42] that the Plaintiffs assertions of a RICO violation amount to threadbare conclusions that are not supported by a factual basis. Without this factual support, the Court does not have jurisdiction over this claim, which is the Plaintiffs' sole basis for federal subject matter jurisdiction. Therefore, because this Court does not have subject matter jurisdiction over this case, the court should dismiss the entire action under Fed. R. Civ. P. 12(b)(6).

Fourth, the property that the Plaintiffs ask this Court to assume jurisdiction over is currently in the possession of a Colorado state probate court. The probate exception bars the Plaintiffs' request for federal jurisdiction of this property because it would interfere with the state probate court's jurisdiction over the same property. Therefore, the Court cannot meet the Plaintiffs' request to dispose of assets in the state probate court's custody.

Fifth, this case is not ripe because the trust account at issue was never funded. In fact, it is uncertain whether, and to what extent, the trust will ever be funded. Therefore, this case is not ripe for this Court to adjudicate.

The dispute in this case is essentially a business dispute. The Plaintiffs are attempting to claw back money that they legitimately paid to Glenn Thibault over the course of several years, all of which was reviewed and approved by the company's advisory board of directors and the officers of the company, including its CEO, Norm

Thibault, the brother of Glenn Thibault.

Based on the conduct above, the Defendants have asserted the following responses to the Plaintiffs: (1) the arbitration clause, rather than litigation, governs this dispute; (2) the Court does not have subject matter jurisdiction over this dispute; (3) the probate exception bars this Court from interfering with the property in dispute; and (4) the case is not ripe for this Court's jurisdiction. Ms. Thibault will also assert counterclaims and third-party claims for amounts which likely exceed the value of the business itself as of January 1, 2022 which must be determined.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. G. Thibault died on November 27, 2021.

2. G. Thibault executed his Will on May 20, 2011.

3. G. Thibault executed the Trust on May 20, 2011.

4. At the time of his death, G. Thibault was the Chief Financial Officer of each Plaintiff.

5. At the time of his death, G. Thibault was the largest unit/share owner of all Plaintiffs.

6. The Estate is currently in probate before the District Court of Douglas County, Colorado, Case No. 2022 PR 30515.

7. After G. Thibault's death, N. Thibault became the sole surviving member of G&N, and is currently the sole member of G&N.

8. N. Thibault was the beneficiary of a life insurance policy issued by AIG.

9. N. Thibault filed a claim for benefits under the Policy after G. Thibault's death.

10. AIG paid life insurance benefits pursuant to its Policy to N. Thibault, in two lump-sum payments in the approximate amount of $2,542,876.71 each.

11. N. Thibault personally guaranteed certain loans made by Independent Bank to one or more of the individual Plaintiffs as described in said guarantees.

12. G. Thibault also personally guaranteed the same loans during his lifetime.

13. By correspondence dated December 20, 2022, Ms. Thibault revoked her guarantees.

## 5.  COMPUTATION OF DAMAGES

**Plaintiffs:**

Formal discovery has not yet commenced in this matter, and Plaintiffs reserve the right to modify or supplement the following preliminary calculations as discovery progresses.

**Compensatory Damages:**

- **TPC:**
  - $1,331,085.00, representing false/fraudulent consulting fees paid to N. Thibault and G&N;
  - $669,195.60, representing false loan guarantee fees paid to G. Thibault and N. Thibault;
  - $111,945.62, representing unauthorized funds used by G. Thibault to purchase an AIG life insurance policy to N. Thibault's benefit;
  - $5,085,753.42, representing paid life insurance proceeds wrongfully held by N. Thibault.

- **TPA:**
  - $787.365.00, representing false/fraudulent consulting fees paid to N. Thibault and G&N.

- **TPCNC:**
  - $10,000.00, representing false/fraudulent consulting fees paid to N. Thibault and G&N.

- **TPP, TPPNC, TPC, TPCNC:**

○ $5,929,243.75 due to G. Thibault's and N. Thibault's breaches of loan guarantees, including $20,000.00 in attorneys' fees sought by Independent Bank for enforcement of the guarantees.

**Statutory Damages/Penalties:**

- Treble damages awardable pursuant to 18 U.S.C. § 1964(c) and COLO. REV. STAT. § 18-4-405, to be determined at the conclusion of trial.

**Costs and Attorneys' Fees:**

- Costs and attorneys' fees awardable pursuant to 18 U.S.C. § 1964(c) and COLO. REV. STAT. § 18-4-405, to be determined at the conclusion of trial.

- Costs awardable to prevailing party(ies), to be determined at the conclusion of trial.

**Pre-Judgment Interest at 8% per annum statutory rate**

**Defendants:**

Defendants deny that Plaintiffs have been damaged and assert that the statutory interest rate Plaintiff described is incorrect for a proceeding in federal court. However, even if there are damages, Defendants maintain that this Court does not have jurisdiction to determine damages and that the alleged damages are not supported by the evidence.

Defendant Thibault also intends to assert a claim for indemnification, contribution in the estate proceeding as described therein, and will assert counterclaims and third-party claims for damages if this Court determines that it has jurisdiction in this action:

| | | |
|---|---|---|
| i. | Breach of employment agreement: | $150,000 /year; |
| ii. | Breach of 3% Compensation Agreement: | $150,000/year; |
| iii. | Contribution: | $5,929,243.75; |
| iv. | Breach of Operating Agreement: | $TBD; |

12

| | | |
|---|---|---|
| v. | Breach of Fiduciary Duty: | $5,929,243.75 - TBD |
| vi. | Violation of CRS § 11-51-101, et seq.: | $TBD |
| vii. | Violation of CRS § 18-17-101, et seq.: | $TBD |
| viii. | Diminution in Value of TPC: | $TBD |
| ix. | Treble Damages pursuant to statute: | $TBD |
| x. | Attorney Fees pursuant to contract and statute: | $TBD |
| xi. | Costs pursuant to contract, statute, and rule: | $TBD |
| xii. | Equitable relief, receivership, constructive trust: | $TBD |

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. **May 9, 2023**

b. Names of each participant and party he/she represented. ***See* Section 1,** *supra***.**

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**Plaintiffs:**

Plaintiffs shall submit their initial Rule 26(a)(1) disclosures on or before May 23, 2023.

**Defendant Marcie McMinimee:**

Ms. McMinimee will submit her written Rule 26(a)(1) disclosures on or before May 23, 2023. She expects to begin a rolling production of documents contingent on entry of an ESI Protocol and forensic processing of the Decedent's documents.

**Other Defendants:**

Defendants Thibault and G&N anticipate submitting initial Rule 26(a)(1) disclosures on or before May 23, 2023.

d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**N/A**

e.   Statement concerning any agreements to conduct informal discovery:

**Plaintiffs:**

No specific agreements or arrangements for informal discovery have been made, but upon request by N. Thibault, Plaintiffs have produced financial documentation pertaining to Plaintiffs' businesses, as well as documents regarding the status of outstanding loans taken by Plaintiffs.  The parties have also discussed submitting a joint motion for a protective order in order to facilitate the production of potentially confidential or sensitive information during the course of discovery.

f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The Parties agree that they will keep open communication regarding opportunities to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system, video depositions in lieu of in-person depositions when practicable, and other similar cost-saving measures.

g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties anticipate that discovery will involve a moderate amount information or records maintained in electronic form, including emails and other information stored in the email accounts of the Parties and Decedent G. Thibault.  The Parties are preserving electronically-stored information ("ESI") that may be relevant and/or discoverable in connection with the claims and defenses in their native formats.

At this time, the Parties agree that electronic documents will be produced with included metadata intact pursuant to an ESI Protocol under development by the parties.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties have agreed to submit this dispute to a full-day mediation currently scheduled before Mr. Gordon "Skip" Netzorg of Sherman & Howard LLC on June 20, 2023, at Mr. Netzorg's offices.  Prior to mediation, the Parties have engaged in limited, good faith settlement discussions but, to date, have not exchanged any formal settlement offers or demands.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The Parties agree to the presumptive number of depositions under FED. R. CIV. P. 30(a)(2)(A)(I), per side.

Defendant Thibault and G&N propose that the number of depositions be limited to each party as opposed to by side.

Plaintiffs, collectively as a side, may serve no more than 25 interrogatories on each named Defendant, except that N. Thibault in her capacity as Trustee and in her individual capacity shall be treated as one Defendant.  Each named Defendant may serve no more than 25 interrogatories upon Plaintiffs collectively as a side, except that N. Thibault in both her individual capacity and her capacity as Trustee shall be treated as one Defendant.

Defendant Thibault and G&N do not agree with Plaintiff's proposal.  Each party has different claims and defenses, generally represented by different counsel and should be treated as a separate party for the purposes of calculating discovery limitations.  Ms. Thibault and G&N propose that the presumptive limits of interrogatories apply to each party.

b.      Limitations which any party proposes on the length of depositions.

The Parties propose that each deposition is limited to one day of seven (7) hours of testimony.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Plaintiffs, collectively as a side, may serve no more than 25 requests for production on each named Defendant, except that N. Thibault in her capacity as Trustee and in her individual capacity shall be treated as one Defendant.  Each named Defendant may serve no more than 25 requests for production upon Plaintiffs collectively as a side, except that N. Thibault in both her individual capacity and her capacity as Trustee shall be treated as one Defendant.

The same limitations apply to requests for admissions, but each side may also submit an additional 50 requests for admission solely for the purpose of authenticating documents.

<u>Defendant Thibault and G&N</u> do not agree because of the nature of the claims and defenses in this action, together with the anticipated counter and third-party claims which Ms. Thibault anticipates asserting.  Each party should have 25 RFPs and 25 RFAs.

       d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

No later than 45 days prior to the discovery cutoff date.

       e.     Other Planning or Discovery Orders

The Parties anticipate submitting a joint motion for entry of a protective order, an ESI protocol, and a proposed protective order for the Court's consideration.

## 9.  CASE PLAN AND SCHEDULE

       a.     Deadline for Joinder of Parties and Amendment of Pleadings:  **July 7, 2023**.

<u>Defendant Thibault and G&N</u> propose that this deadline should be 60-days following the Court's orders on the pending motions to dismiss.

       b.     Discovery Cut-off:  **November 30, 2023.**

<u>Defendant Thibault and G&N</u> suggest that this deadline should be extended in order to allow them to prosecute their counter and cross claims against parties that have not yet been joined in this action following the Court's orders on the pending motions to dismiss.  Absent that, this deadline should be extended through <u>January 15, 2024</u> in order to facilitate the forensic accounting and business valuation, and the forensic computer analysis that may be necessary once accounting and email records are exchanged in discovery.

       c.     Dispositive Motion Deadline: **January 2, 2024.**

<u>Defendant Thibault and G&N</u> suggest that an appropriate deadline is difficult to anticipate given the nature of the pending motions to dismiss and the importance of their counter and cross claims.  Thus, <u>February 26, 2024</u> is proposed, which is 6-weeks following the proposed close of discovery above.

d.     Expert Witness Disclosure

1.     **Plaintiffs:** Plaintiffs may disclose an expert on the issue of damages. However, Plaintiffs reserve the right to identify expected fields of expert testimony and designate expert witnesses as necessary as discovery commences.

    **Defendant Marcie McMinimee:** Ms. McMinimee anticipates disclosing an expert in forensic accounting.

    **Other Defendants:** Ms. Thibault anticipates retaining (1) an expert in business valuation and forensic accounting and (2) in computer forensics.

2.     The Parties propose a limit of 1 expert per party, not including rebuttal experts.

    Defendant Thibault and G&N anticipate that two experts will be necessary, one in business valuation and forensic accounting, and the other a forensic computer examiner.

3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before, **October 2, 2023.**

    Defendant Thibault and G&N propose affirmative expert reports are due November 20, 2023.

4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 1, 2023**.

    Defendant Thibault and G&N propose 42-days after affirmative expert reports are due.

e.     Identification of Persons to Be Deposed:

**Plaintiffs:**

| Name of Deponent | Tentative Date & Time | Estimated Length |
|---|---|---|
| Nicole Thibault | TBD | 7 hours |
| G&N Consulting, LLC (Rule 30(b)(6) Deposition) | TBD | 7 hours |
| Marcie McMinimee in her capacity as Special Administrator | TBD | 7 hours |
| Additional fact witnesses, to be identified | TBD | 7 hours |
| Expert witness(es) disclosed by Defendants | TBD | 7 hours |

**Defendant Marcie McMinimee:**

Ms. McMinimee represents the Estate pursuant to a court appointment. She is not a fact witness with respect to any event alleged in the Amended Complaint, nor do any of the allegations relate to events that post-date her appointment as Special Administrator. Subject to further conferral, she objects to her deposition because it would not discover information relevant to any claim or defense and would not be proportional to the needs of the case.

**Other Defendants**:

Nicole Thibault does not believe she, or this matter, is properly before the Court. Moreover, any and all testimony she may give would be protected by the Spousal Privilege and/or barred pursuant to the Dead Man's Statute / Rule.  Subject to further conferral, she objects to her deposition because it would not discover information relevant to any claim or defense and would not be proportional to the needs of the case until such

time as the Court rules on the pending motions to dismiss and until such time as her counter and third-party claims are asserted.  Ms. Thibault also states that she is the only person who can testify on behalf of G&N, and thus her deposition should be limited to one calendar day of 7 hours.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

Defendants Thibault and G&N anticipate that a stay of discovery may be appropriate given the pending motions to dismiss which go to this Court's jurisdiction.  Further, given the anticipated counter and third-party claims described above, it is difficult to craft a discovery plan for parties that are not yet in this action, but will be joined if the Court determines it has jurisdiction over this case.

b.  Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate a five (5) day jury trial.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

All in-person proceedings will be most efficiently conducted at the U.S. District of Colorado's facilities in Denver, Colorado.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this_____day of _____, 2023.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| **CAMPBELL LITIGATION, P.C.** | **MCLEOD &#124; BRUNGER PLLC** |
|---|---|
| By: *_/s/ Stacey A. Campbell_____*<br>Stacey A. Campbell<br>Robert Thomas<br>1410 North High Street<br>Denver, Colorado 80218<br>Tel: (303) 536-1833<br>Email: stacey@campbell-litigation.com<br>      robert@campbell-litigation.com | By: *_/s/Scott D. McLeod_____*<br>Scott D. McLeod<br>Joseph A. O'Keefe<br>10375 Park Meadows Drive, Ste. 260<br>Lone Tree, CO 80124<br>Tel: (720) 443-6600<br>Email: smcleod@mcleodbrunger.com<br>      jokeefe@mcleodbrunger.com |
| **Attorneys for Plaintiff**<br>**Three Points Properties, LLC** | **Attorneys for Nicole Thibault,**<br>**in her individual capacity,**<br>**and G&N Consulting, LLC**<br><br>**WADE ASH LLC**<br><br>By: *_/s/ Zachary D. Schlichting_____*<br>Zachary D. Schlichting, #41638<br>Jonathan F. Haskell, #42476<br>5251 DTC Parkway, Suite 825<br>Greenwood Village, Colorado 80111<br>Tel: (303) 322-8943<br><br>**Attorney for Nicole Thibault as Trustee**<br><br>**HADDON MORGAN FOREMAN**<br><br>By: *_/s/ Christopher P. Montville_*<br><br>Christopher P. Montville<br>Haddon Morgan Foreman<br>950 Seventeenth Street, Suite 1000<br>Denver, Colorado 80202<br>Tel: (303) 831-7364<br><br>**Attorneys for Marcie R. McMinimee, in her**<br>**capacity as Special Administrator of the**<br>**Estate of Glenn Michael Thibault** |